**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**DARRYL MAURICE YOUNG,**

    **Plaintiff,**

vs.                                              **Case No. 4:14cv547-MW/CAS**

**MRS. A. L. RALPH, et al.,**

    **Defendants.**

    _____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se, initiated this civil rights action pursuant to 42 U.S.C. § 1983 on October 16, 2014. Plaintiff filed a civil rights complaint, doc. 1, a motion for leave to proceed in forma pauperis, doc. 2, a "motion to proceed as one in imminent danger of physical injury," doc. 3, a motion for summons, doc. 4, and a request to take judicial notice, doc. 5.

Plaintiff is not entitled to proceed with in forma pauperis status absent allegations that Plaintiff is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).[1] Plaintiff previously initiated case number 5:13cv184 in the Middle District of

---

[1] Section 1915(g) provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless

Florida.  That case was dismissed for failure to state a claim on July 16, 2013.  Doc. 7 of that case.  Plaintiff then appealed that dismissal and the Eleventh Circuit Court of Appeals found Plaintiff's appeal to be frivolous on March 31, 2014.  Those two dismissals count as "strikes" under 28 U.S.C. § 1915(g).  Plaintiff also filed case number 4:09cv72-RS/WCS in this Court.  It was dismissed on August 28, 2009, as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because Plaintiff did not honestly disclose all prior cases.  Docs. 51-52.  Plaintiff filed a notice of appeal, and on July 29, 2010, the Eleventh Circuit Court of Appeal affirmed the dismissal of Plaintiff's case in this Court.  Doc. 67 of case number 4:09cv72.  Thus, Plaintiff has had at least three cases dismissed for reasons listed in § 1915(e)(2).

   Plaintiff could only proceed with in forma pauperis status if his complaint presented allegations showing that Plaintiff was "under imminent danger of serious physical injury."  Plaintiff's complaint lists several Defendants who are located at the Department of Corrections' Central Office.  Plaintiff is incarcerated at Jefferson Correctional Institution and could not be in danger of physical harm from those Defendants because they are not physically present with Plaintiff.  More importantly, Plaintiff's complaint concerns events in 2013 when Plaintiff received a disciplinary report and was sentenced to a period of time in confinement.  Doc. 1.  Plaintiff does not provide any factual allegations which reveal he is in imminent danger and should be granted in forma pauperis status.  This case should be summarily dismissed.

   If Plaintiff desires to proceed with the facts alleged in this case, because he does not meet the "imminent danger" exception, Plaintiff must file a new lawsuit and

---

the prisoner is under imminent danger of serious physical injury."

simultaneously pay the filing fee for the case at the time of initiation.  See <u>Dupree v. Palmer</u>, 284 F.3d 1234 (11th Cir. 2002) (rejecting prisoner's argument that the district court should have permitted an opportunity to pay the filing fee when denying an in forma pauperis motion pursuant to § 1915(g)).  Because this case does not demonstrate the § 1915(g) exception, it should be dismissed without prejudice.

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that this case be **DISMISSED without prejudice** because Plaintiff is barred by 28 U.S.C. § 1915(g) from initiating a civil rights case in federal court without full payment of the filing fee at the time he submits the complaint, and all pending motions should be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on October 17, 2014.


  S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**